RHESA HAWKINS BARKSDALE, Circuit Judge,
dissenting in part:
I concur in part V. of the opinion, concerning our supervisory role.
*503 And, I concur in the discussion in part II. about the district court’s reviewing documents referenced in, but not attached to, the complaint, because that discussion is helpful dictum. Plaintiffs neither objected in district court to, nor challenged on appeal, the district court’s engaging in such review; therefore, the point is not before us, except to note, as the opinion properly does, the procedure that was followed.
But, because I cannot agree plaintiffs can prove no set of facts entitling them to recovery, I must respectfully dissent from the action’s dismissal being affirmed.
Rule 12(b)(6) is an exacting standard indeed. As the majority recites: “The district court may not dismiss a complaint under rule 12(b)(6) ‘unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief”. Lowrey v. Texas A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir.1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (emphasis added).
The majority’s introductory statement, that “the option holders cannot, under the facts they have pleaded, enunciate any cause of action” (emphasis added), is an erroneous statement of the above-discussed procedure to be followed in ruling on the failure-to-state-claim motion. Moreover, this erroneous statement .sets the tone for the opinion. In fact, it is characteristic of the tenor of the majority’s conclusions.
Dismissal at this stage of the proceedings is premature. The majority notes correctly that “[t]he complaint must be liberally construed in favor of the plain-tijf[s], and all facts pleaded in the complaint must be taken as true”. Lowrey, 117 F.3d at 247 (citation omitted; emphasis added). But, the controlling conclusion that plaintiffs cannot state a claim, because “they were not authorized to act”, ignores the well-pleaded facts in the complaint. Those allegations — at least for purposes of avoiding Rule 12(b)(6) dismissal — reflect exceptions to the usual limiting rules of liability concerning contracts and corporate actions.
For example, the majority disregards the quite unique importance of stock options at Allwaste. As described in the complaint, plaintiff Nelson, ■ Allwaste’s founder, chairman, and holder of a significant number of options, made the employee stock option incentive plan the bedrock of the corporation.
The majority also fails to note that Morgan Stanley issued the second fairness opinion only upon Nelson’s insistence that it conduct a more thorough review of Philip’s management. It was in reliance on Morgan Stanley’s representation it had conducted such investigation that Nelson and the other directors/option holders recommended the merger with Philip. In other-words, because of Morgan Stanley’s misrepresentation, board members/option holders voted for the merger, and encouraged shareholders to do the same.
Further, the complaint states:
The fairness opinion, although requested by the Allwaste board, was rendered wholly or in part for .the benefit of All-waste’s shareholders and option holders. Moreover, Morgan Stanley was aware that the Allwaste board did not intend to keep the fairness opinion to itself and, indeed, the opinion was shown to plaintiff Nelson and .other shareholders and option holders and Morgan Stanley knew and intended that it be so used.
(Emphasis added.) This allegation comports with the claim under § 552 of the Restatement (Second) of Torts because, at this point, we must accept as true that Morgan Stanley “kn[ew]. [tjhe board] in-tende[ed] to. supply” the information in the fairness opinion to the option holders.
The majority has prejudged the merits of this action. In the light of the complaint’s specific and .unique allegations, I respectfully dissent.